UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

       Plaintiff,

v.                                       Case No. 8:21-cv-1957-WFJ-SPF

PROFESSIONAL MARKETING &
MANAGEMENT INC.,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis.* Plaintiff seeks a waiver of the filing fee for her complaint (Doc. 1). The undersigned recommends that Plaintiff's motion be denied.

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citation omitted). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should

grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916 (11th Cir. 2014)[1] (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004)).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Id.* (quotation and citation omitted). Rather, an affidavit will be deemed sufficient if it demonstrates that the litigant, because of his or her poverty, cannot pay for the court fees and costs and support and provide necessities for him or herself and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.*

In determining the poverty requirement, the district court must compare the litigant's assets and liabilities. *Thomas*, 574 F. App'x at 917. "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted). Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*. *See, e.g.*, *Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

the plaintiff's total monthly household income, which was derived primarily from the spouse's income, exceeded joint monthly expenses).

Here, based on her affidavit, Plaintiff does not qualify as indigent.  In the first section of her Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs, Long Form) Plaintiff attests to no average monthly income over the past 12 months (Doc. 2 at 1-2). Yet in section two of the form, she attests to working for Creations Glalour Inc. since March 2018 and earning $3,520 in gross monthly pay (*Id*. at 2).  Plaintiff lists no assets and claims her monthly expenses for herself and her family total $2,950 (*Id*. at 4).  As such, Plaintiff's monthly income exceeds her liabilities, and she has failed to demonstrate that she is unable to pay the filing fee or provide security therefor.  *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court finds Plaintiff does not qualify as indigent under § 1915 and should be required to pay the filing fee.[2]

---

[2] Plaintiff has filed approximately 19 cases in federal court since 2019, requesting to proceed *in forma pauperis* in most of them.  In some of her affidavits of indigency, Plaintiff stated she was self-employed but had no income.  In two cases, *Williams v. Tampa Bay Extended Stay Hotel*, 8:21-cv-1424-KKM-SPF, and *Williams v. Pinellas Park Elementary School*, 8:21-cv-1559-CEH-SPF, the undersigned found Plaintiff indigent based on her representation that she lacked income but ultimately recommended the cases be remanded because Plaintiff had attempted to remove them herself from state court (both report and recommendations were adopted; those cases are now closed).  However, in *Williams v. Christopher Labruzzo*, No. 8:21-cv-1683-SDM-JSS, United States Magistrate Judge Julie Sneed found Plaintiff was *not* indigent and United States District Judge Steven Merryday dismissed her case when she did not pay the filing fee (*see* Docs. 5,6).  In that case, Plaintiff listed $3,500 in monthly self-employment income from Creations Glalour Inc. (Doc. 2).

For these reasons, it is hereby

**RECOMMENDED:**

1.      Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2.      Plaintiff be directed to pay the filing fee to the Clerk within one month of the order adopting this report and recommendation and advised that her failure to do so may result in the dismissal of this action without prejudice.

      **IT IS SO REPORTED** in Tampa, Florida, on November 8, 2021.

                                              SEAN P. FLYNN
                                              UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

4